```
                         United States Bankruptcy Court
                         Middle District of Pennsylvania
In re:                                                       Case No. 18-01160-RNO
Steven Ream                                                  Chapter 7
Laurie Ream
         Debtors                 CERTIFICATE OF NOTICE
District/off: 0314-1       User: JGoodling             Page 1 of 1         Date Rcvd: Jul 09, 2018
                           Form ID: 318                Total Noticed: 17


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 11, 2018.
db/jdb         +Steven Ream,    Laurie Ream,    1546 Mount Zion Road,    Lebanon, PA 17046-7808
5038324        +Food Kart, Inc.,    120 Julia Lane,    Lebanon, PA 17042-8973
5038326        +Gary L. Gristick,    120 Julia Lane,    Lebanon, PA 17042-8973
5038327        +James P. Valecko, Esquire,    Weltman, Weinberg & Reis,    436 Seventh Avenue, Suite 2500,
                 Pittsburgh, PA 15219-1842
5038328        +Jonestown Bank & Trust,    2 West Market Street,    Jonestown, PA 17038-9628
5038330        +Lebanon Federal Credit Union,    300 Schneider Drive,    Lebanon, PA 17046-4877
5038331         M&T Bank,    P.O. Box 3340,    Buffalo, NY 14240-3340
5038332         Nationstar Mortgage,    P.O. Box 650783,    Dallas, TX 75265-0783
5038333         Receivable Management Services,    P.O. Box,    Columbus, OH 43236
5038334         Valley National Bank,    P.O. Box 953,    Wayne, NJ 07474-0953

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5038319         EDI: AMEREXPR.COM Jul 09 2018 23:08:00      American Express,    P.O. Box 1270,
                 Newark, NJ 07101-1270
5038320        +EDI: TSYS2.COM Jul 09 2018 23:08:00      Barclays Bank,    P.O. Box 8803,
                 Wilmington, DE 19899-8803
5038321        +EDI: CHASE.COM Jul 09 2018 23:08:00      Chase Card,    P.O. Box 15298,
                 Wilmington, DE 19850-5298
5038322        +EDI: CITICORP.COM Jul 09 2018 23:08:00      Citi,    P.O. Box 6241,    Sioux Falls, SD 57117-6241
5038325         E-mail/Text: bankruptcy@fult.com Jul 09 2018 19:13:30      Fulton Bank,    1695 East State Street,
                 East Petersburg, PA 17520-1328
5039050        +EDI: PRA.COM Jul 09 2018 23:08:00      PRA Receivables Management, LLC,    PO Box 41021,
                 Norfolk, VA 23541-1021
5038335        +EDI: RMSC.COM Jul 09 2018 23:08:00      Walmart,    P.O. Box 965024,    Orlando, FL 32896-5024
                                                                                              TOTAL: 7

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5038329          Laurie
5052301          M&T Bank - PO Box 1508 Buffalo, NY 14240
cr*             +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5038323*        +Citi,    P.O. Box 6241,    Sioux Falls, SD 57117-6241
                                                                                TOTALS: 2, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 11, 2018                                Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 9, 2018 at the address(es) listed below:
          James Warmbrodt    on behalf of Creditor   NATIONSTAR MORTGAGE LLC D/B/A MR.COOPER
           bkgroup@kmllawgroup.com
          Markian R Slobodian (Trustee)    PA49@ecfcbis.com
          R Scot Feeman    on behalf of Debtor 2 Laurie  Ream rsfeeman@feemanlaw.com
          R Scot Feeman    on behalf of Debtor 1 Steven  Ream rsfeeman@feemanlaw.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 5
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Steven Ream** | Social Security number or ITIN  xxx−xx−6442 |
| | First Name   Middle Name   Last Name | EIN  _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Laurie Ream** | Social Security number or ITIN  xxx−xx−3846 |
| | First Name   Middle Name   Last Name | EIN  _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Middle District of Pennsylvania** | | |
| Case number:   **1:18−bk−01160−RNO** | | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Steven Ream

Laurie Ream

**By the court:**

July 9, 2018

Honorable Robert N. Opel, II
United States Bankruptcy Judge

By: JGoodling, Deputy Clerk

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**